UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:17-CV-1209-ORL-

BRAD JONES and JOHN HALAS,

    Plaintiffs,

v.

ORLANDO MAGIC, LTD.,
a Florida limited partnership,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Brad Jones (hereafter "Jones") and John Halas (hereafter "Halas"), by and through counsel, hereby file this complaint against Orlando Magic, Ltd. (hereafter "The Magic") for violations of the Fair Labor Standards Act's ("FLSA") overtime requirements and in support thereof state as follows:

### JURISDICTION AND VENUE

1. This Court possesses jurisdiction over this action which raises a federal question under the FLSA.

2. The parties reside or are headquartered in Orange County, Florida, and the claims arose in Orange County, Florida. Consequently, venue is proper in the Orlando Division of the Middle District of Florida.

### THE PARTIES

3. The Magic is a professional basketball team and a member of the National Basketball Association (NBA).

4. Plaintiffs are former employees of The Magic.

5. During the period commencing three years prior to the filing of this action (hereafter "the relevant period"), The Magic qualified as a covered enterprise under the FLSA as it had two or more employees engaged in commerce, in the production of goods for commerce, or who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and its annual gross volume of sales made or business done was not less than $500,000.

6. Additionally, at all times material hereto, Plaintiffs were individually engaged in commerce.

## GENERAL ALLEGATIONS

7. Jones was employed by The Magic from November 2008 until he was laid off in May 2017.

8. Jones began his employment as an intern in November 2008 in business development and strategy. In July 2009 until December 2011, his title became Basketball Operations Coordinator. From December 2011 until August 2012, his title was altered to Assistant Video Coordinator. From August 2012 until May 2017 his title was changed to Video Analyst for Personnel.

9. From August 2012 until May 2017, Jones' primary duty was to review, edit and catalogue video footage of college basketball players (hereafter "prospects"). The information he gathered and processed was then provided to superiors within The Magic's scouting department for further evaluation and the ultimate decision making involved in the draft and free agent acquisitions.

10. During the past two seasons, Jones' duties also included low-level scouting activities. He was assigned the task of travelling to various locations to observe prospects, and reporting to his superiors.

11. At no time did Jones possess discretion or decision making authority with respect to the drafting or signing of prospects, or any other matter of significance. Rather, his role was that of an initial screener. Player personnel decisions were made several levels above him within The Magic's scouting department.

12. Halas was employed by The Magic from July 2012 until he was laid off in May 2017.

13. Halas' title was Special Assistant to the General Manager and he held a dual role of Scouting Coordinator until a replacement was hired. This dual role was held from August 1, 2014 until approximately September 9, 2015.

14. In this position, Halas performed the same functions as Jones performed during the final two seasons of his tenure.

15. Specifically, Halas observed prospects and provided reports on his observations to superiors within The Magic's scouting department.

16. At no time did Halas have discretion or independent decision making authority with respect to the drafting or signing or prospects, or any other matter of significance. Rather, his role was that of an initial screener. Player personnel decisions were made several levels above him within The Magic's scouting department.

17. Plaintiffs regularly worked in excess of forty (40) hours per workweek during the relevant period.

18. The Magic did not maintain any records of the hours worked by Plaintiffs.

19. The Magic did not pay Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek during the relevant period.

## COUNT I: UNPAID OVERTIME COMPENSATION

20. Plaintiffs allege and incorporate by reference paragraphs 1 through 19 herein.

21. During the relevant period, The Magic was a covered enterprise and was Plaintiffs' employer as those terms are defined under the FLSA.

22. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of one-and-one-half their regular rate of pay for work performed in excess of forty (40) hours in a work week.

23. Plaintiffs were not exempt from the overtime pay requirements of the FLSA.

24. Throughout the relevant period, The Magic failed to pay Plaintiffs overtime premiums for their hours worked in excess of forty (40) hours per week.

25. The Magic also failed to maintain records of Plaintiffs' working hours in violation of the recordkeeping requirements of the FLSA.

26. As a result of The Magic's failure to compensate Plaintiffs at a rate not less than one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1).

27. The Magic's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from two years to three years.

28. Moreover, throughout the relevant period, The Magic failed to act in good faith with respect to Plaintiffs.

29. Plaintiffs are therefore entitled to damages in the amount of their respective unpaid overtime compensation, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

30. Plaintiffs request recovery of their attorneys' fees and costs associated with their claims as provided by 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor, and that they be awarded recovery of all unpaid overtime compensation during the relevant period, along with an equal amount as liquidated damages, their attorney's fees and costs pursuant to the FLSA, and such other relief as this court deems proper.

Date: June 29, 2017.

Respectfully submitted,

s/ David H. Spalter
Jill S. Schwartz, Esquire
Florida Bar No. 523021
David H. Spalter, Esquire
Florida Bar No. 966347
Christopher A. Pace
Florida Bar No. 0676721
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: jschwartz@schwartzlawfirm.net
E-mail: dspalter@schwartzlawfirm.net

Attorneys for Plaintiffs